

Villanova University School of Law

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-26-2006

# USA v. Santostefano

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4858

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Santostefano" (2006). *2006 Decisions.* Paper 1036.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1036

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

Nos. 05-4858/4859

———

UNITED STATES OF AMERICA,
v.

STEVEN SANTOSTEFANO,

Appellant

———

On Appeal from the United States District Court
for the Middle District Of Pennsylvania
D.C. No. 03-cr-305 and 04-cr-499
District Judge: Hon. James M. Munley

———

Argued
May 18, 2006

Before: FISHER, ALDISERT and LOURIE,[*] Circuit Judges

(Filed: May 26, 2006)

Gerard E. Grealish, Esq. (ARGUED)
Suite 3H, Kane Professional Building
116 North Washington Avenue
Scranton, PA 18503

*Counsel for Appellant*

———

[*]Honorable Alan D. Lourie, Circuit Judge, United States Court of Appeals for the
Federal Circuit, sitting by designation.

Christy H. Fawcett, Esq. (ARGUED)
Thomas A. Marino, Esq.
Assistant United States Attorney
220 Federal Building and Courthouse
228 Walnut Street, P.O. Box 11754
Harrisburg, PA 17108

*Counsel for Appellee*

---

JUDGMENT ORDER

---

This cause came to be considered on the record from the United States District Court for the Middle District of Pennsylvania and was argued on May 18, 2006, and

IT APPEARING that this appeal presents an intersection between Rule 1101(d)(3) of the Federal Rules of Evidence, which states that the Rules of Evidence, including those barring hearsay, do not apply to supervised release violation hearings, and Rule 32.1(b)(2)(C) of the Federal Rules of Criminal Procedure, which provides that a defendant is entitled to an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interests of justice do not require the witness to appear; and

IT APPEARING that the major thrust of Appellant's position on appeal is that excessive hearsay dominated the revocation hearing in the District Court for the Middle District of Pennsylvania; and

IT APPEARING that Appellant did not raise the hearsay objection at the hearing before the District Court, thus requiring our review to be for plain error, Rule 52(b), Federal Rules of Criminal Procedure; and

IT APPEARING that an appellant who seeks to prevail on plain error review must show that: (1) an error occurred; (2) the error was plain; (3) the error affected his substantial rights; and (4) the error is one seriously affecting the fairness, integrity or public reputation of judicial proceedings, such that the Court should exercise its discretion to correct the error, Johnson v. United States, 520 U.S. 461, 466-467 (1997); and

2

IT APPEARING that although the testimony before the revocation hearing was admittedly hearsay, a previous revocation hearing had been conducted on September 14 and September 19, 2005 in the United States District Court for the District of Arizona in which the defendant had the opportunity to question the hearsay declaring; and

IT APPEARING that Appellant and his counsel made no attempt to obtain a transcript of the prior hearing to challenge the hearsay testimony at the later hearing, or to notify the District Court of the prior hearing; and

IT APPEARING that had Appellant raised his objection at the hearing in the District Court for the Middle District of Pennsylvania, the government would have had the opportunity to present either live testimony or a transcript of the prior hearing; and

CONSIDERING the totality of the two proceedings and circumstances presented here, and applying the standard of plain error, we are unable to conclude that any error seriously affected the fairness, integrity or public reputation of judicial proceedings so that this Court should exercise its discretion to correct any error; accordingly,

IT IS **ORDERED** and **ADJUDGED** that the judgment of the District Court dated October 24, 2005 be and is hereby **AFFIRMED**.


BY THE COURT,

/s/ Ruggero J. Aldisert
Circuit Judge

3